1
2
3
4
5
6
7

8                 UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

| | |
|---|---|
| RENE E. DIAZ,               ) | Case No. 5:13-cv-05027-PSG |
|                     ) | |
|          Plaintiff,      ) | **ORDER GRANTING JUDGMENT** |
|    v.               ) | **ON THE PLEADINGS** |
|                     ) | |
| COMMISSIONER OF SOCIAL SECURITY,  ) | **(Re: Docket No. 15)** |
|                     ) | |
|          Defendant.    ) | |
| _____) | |

Before the court is Plaintiff's Rene Diaz's complaint that seeks judicial review of a denial of additional social security benefits. Defendant Commissioner of Social Security moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) based on the untimeliness of Diaz's appeal. The docket reflects Diaz has not filed an opposition. The court finds this motion suitable for disposition on the papers pursuant to the local rules.[1]

## I. BACKGROUND

On July 16, 2010, Diaz filed an application for retirement insurance benefits.[2] On July 25, 2010, the Social Security Administration awarded Diaz retirement benefits of $642.00 per month.[3]

_____

[1] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[2] *See* Docket No. 4 at 10.

Case No. 5:13-cv-05027-PSG
ORDER GRANTING JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

In September 2010, Diaz appealed this award, claiming that he was entitled to $987.00 per month based on a "sophisticated program on the Internet."[4]  On September 26, 2010, the Agency responded to Diaz's claim with an explanation of how retirement benefits are calculated.[5]  Upon reconsideration in April 2011, the Agency provided Diaz with an additional explanation of how retirement benefits are calculated.[6]  On June 18, 2012, an administrative law judge denied Diaz's appeal in a written decision made after a hearing.[7]  Diaz requested review of the ALJ's decision from the Appeals Council.[8]  On June 20, 2013, the Appeals Council denied Diaz's request for review of the ALJ's decision; a copy of the Appeals Council denial was sent to Diaz.[9]  The Appeals Council notice included information on Diaz's right to appeal to the district court. Specifically, the notice explained Diaz had 60 days after receiving the notice to commence a civil action and the Agency assumed receipt of the notice 5 days from the date it was issued.[10]  Diaz did not file an extension to commence his civil action.  On October 28, 2013, Diaz filed a complaint in this court seeking review of the Appeals Council's decision.[11]  The Commissioner now seeks judgment on the pleadings based on the untimeliness of Diaz's appeal.

---

[3] *See id.* at 17.

[4] *See id.* at 22-23.

[5] *See id.* at 21.

[6] *See id.* at 24-27.

[7] *See id.* at 45-51.

[8] *See id.* at 51.

[9] *See* Docket No. 4-1 at 1-2.

[10] *See id.*

[11] *See* Docket No. 1.

Case No. 5:13-cv-05027-PSG
ORDER GRANTING JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

## II. LEGAL STANDARDS

### A.      Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6).[12] A motion under either rule tests the legal sufficiency of a complaint.[13] In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint.[14] However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[15] While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[17]

---

[12] *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog").

[13] *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("A Rule 12(b)(6) motion tests the legal sufficiency of a claim.").

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008) (citation omitted).

[16] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

Case No. 5:13-cv-05027-PSG
ORDER GRANTING JUDGMENT ON THE PLEADINGS

**B.      Exhaustion of Administrative Remedies**

An individual must exhaust administrative remedies in order to challenge the denial of social security benefits.  "The Social Security Act does not define the term 'final decision,' but it empowers the Commissioner to set out the procedures for obtaining a final decision."[18]  "In turn, the Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court."[19]

**C.      Judicial Review**

Judicial review of the administrative decision issued by the Appeals Council and other Social Security decisions is governed by Section 405(g) and (h) of the Social Security Act, which provide in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the

---

[18] *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 6 (2d Cir. 2011) (citing 42 U.S.C. § 405(a) ("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) ("The term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation.").

[19] *Id.*

First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902.  Second, if a claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days.  20 C.F.R. §§ 404.907, 404.909(a)(1).  The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within 60 days of receiving notice of the reconsideration determination.  20 C.F.R. §§ 404.921(a), 404.933(b)(1).  If the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision.  20 C.F.R. §§ 404.967, 404.968(a)(1).  A claimant may seek an extension of time of any of these deadlines by showing good cause.  *See* 20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b).  The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court.  *See Califano v. Sanders*, 430 U.S. 99, 101-02 (1977); 20 C.F.R. § 404.981.

4

Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.[20]

Section 405(g) and (h) therefore operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.[21]  As the time limit set forth in 42 U.S.C. 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed.[22]  In "order to seek judicial review of a denial of Social Security benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council."[23]

**D.      Equitable Tolling**

In certain rare instances, the sixty day statute of limitations can be excused.  "For example, Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."[24]  The Eighth Circuit, in *Turner v. Bowen*, explained that generally, "equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or

---

[20] 42 U.S.C. § 405.

[21] *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (agreeing that "the 60-day limit is a statute of limitations"); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) ("The 60-day period is not jurisdictional, but instead constitutes a statute of limitations.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975)).

[22] *Bowen*, 476 U.S. at 479 (Because "the 60-day limit" is "a condition on the waiver of sovereign immunity" it "must strictly construed."); *see, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day).

[23] *Bell v. Comm'r of Soc. Sec.*, Case No. 1:13-cv-347-GSA, 2013 WL 1623806, at *3 (E.D. Cal. Apr. 15, 2013).

[24] *Id.* (citing *Bowen*, 476 U.S. at 479-82).

5

Case No. 5:13-cv-05027-PSG
ORDER GRANTING JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

fraudulent."[25]  In *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct."[26]  Likewise, in *Vernon v. Heckler*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended.[27]  In contrast, in *Turner v. Bowen*, the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action.[28]

## IV. DISCUSSION

By filing his appeal more than sixty days after receiving an adverse determination from the Appeals Council, Diaz plainly did not file a timely appeal of the Commissioner's decision.  In addition, Diaz has not even opposed the Commissioner's motion for judgment on the pleadings or offered facts similar to those outlined in the cases above suggesting equitable tolling in this case. The court therefore finds judgment on the pleadings in favor of the Commissioner to be warranted. Judgment will follow.

**IT IS SO ORDERED.**

Dated: April 4, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[25] *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

[26] *Bowen*, 476 U.S. at 481.

[27] *See Vernon*, 811 F.2d at 1275 ("On October 29, 1984, as he was rushing to assemble the necessary materials to file a complaint that afternoon, a Social Security Administration employee allegedly told Vernon: 'Don't worry; they'll give you an extension.'").

[28] 862 F.2d 708, 709 (8th Cir. 1988).

Case No. 5:13-cv-05027-PSG
ORDER GRANTING JUDGMENT ON THE PLEADINGS